Joseph Jiudice, J.
This is a writ of habeas corpus wherein the relator is seeking restoration of 180 days of good time. He further seeks an order of this court directing that he be conditionally released.
The relator is presently incarcerated at Green Haven Correctional Facility. He is challenging disciplinary action taken against him in June, 1976, at the Attica Correctional Facility which resulted in his confinement in segregated housing for a period of 60 days and a loss of 180 days’ good time credit. The resultant loss of good time changed his conditional release date from January 25, 1977 to July 25,1977.
In June, 1976, the relator was incarcerated at Attica and an *417 incident occurred which resulted in disciplinary proceedings against him.
The relator was notified of the following charges:
"Charge #1 — Violation of Rule 1.15, assault, specifically assaulting inmate Giambrone #75-A-1029 and inmate Tran-china #75-A-1812 with a razor blade.
"Charge #2 — Violation of Rule 1.32, possession of a dangerous weapon, namely, a razor blade.
"Charge #3 — Violation of Rule 3.30.2, specifically, abusive and obscene language to C.O. T. Bennett, referring to him as a 'pig’, referring to his 'fucking wife’.
"Charge #4 — Violation of rule 1.25, creating a disturbance on 29 Company while inmates were returning to their cells by harassing the officer and using abusive language which caused about 30 inmates to listen and laugh at instead of locking in their cells.”
Pending disciplinary action, the relator was keep-locked. On June 15, 1976, he was directed to appear before the adjustment committee at the facility, and, upon his appearance, he was informed of the charges, declined to make any statement, and was ordered held in punitive segregation pending the convening of a superintendent’s proceeding.
On June 21, 1976, the relator received written notice the superintendent’s proceeding would be held, and, pursuant to said notice, he was informed that one, Sergeant Tied, had been designated to furnish assistance to him pursuant to 7 NYCRR 253.3 (a). It is relator’s claim that the designated employee assistant, as aforesaid, had on prior occasions filed disciplinary charges against him and that respondents, therefore, violated the regulation which requires that an inmate be afforded a chance to select his own employee assistant.
During the course of the hearing, the relator requested that one of the complainant victims involved in the assault charge be called as his own witness. This fact is not controverted by the respondents. The relator claims that the complainant victim had informed another party that the relator had never assaulted him. His request to call this inmate was denied.
The relator denied charges No. 1 and No. 2 and partially admitted to charge No. 3 and admitted charge No. 4. Subsequent to the superintendent’s proceeding, he was served with a notice of disposition which listed the summary of evidence and the disposition ordered, which disposition resulted in 60 *418 days in the special housing unit and a loss of 180 days of good time, as aforesaid.
The relator claims his due process rights have been violated in several respects, both with regard to the adjustment committee hearing and the superintendent’s proceeding.
Disciplinary proceedings and the rules and regulations applicable thereto are governed by 7 NYCRR Parts 252, 253. The paramount issue in the instant proceeding is whether the relator’s Fourteenth Amendment right, i.e., not to be deprived of liberty without due process of law, was violated by the procedures of the adjustment committee and the superintendent’s proceeding. Once again, this court must consider Wolff v McDonnell (418 US 539) in determining whether the relator was afforded due process. There have been numerous cases involving disciplinary proceedings which have been governed by the PFoT/Fguidelines.
In Wolff, the United States Supreme Court set down the minimum requirements of due process for prison disciplinary proceedings: "We also hold that there must be a 'written statement by the factfinders as to the evidence relied on and reasons’ for the disciplinary action * * * Written records of proceedings will thus protect the inmate against collateral consequences based on a misunderstanding of the nature of the original proceeding. Further, as to the disciplinary action itself, the provision for a written record helps to insure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act fairly. Without written records, the inmate will be at a severe disadvantage in propounding his own cause to or defending himself from others.” (418 US at 564-565.)
Such standards have specifically been held to apply to adjustment committee proceedings as well as superintendent’s proceedings (Powell v Ward, 542 F2d 101; Matter of Ortiz v Ward, 87 Misc 2d 307).
Based upon the record presented, this court determines that this relator was not afforded the minimum due process requirements as mandated by Wolff v McDonnell (supra). Where an inmate faces a prospective change in the conditions of his confinement as a result of disciplinary proceedings, minimal due process protection must be made available to him. Inter alla, the action by the superintendent of designating an employee assistant not of the inmate’s choosing is in direct *419 contravention of 7 NYCRR 253.3 (a). Additionally, the absence of a "written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken” (418 US at p 563), is contrary to the Wolff guidelines. If there was any possibility that the alleged complainant victim involved in charges No. 1 and No. 2 had made or could have made an exculpatory statement regarding this relator, this fact should have, at least, been explored.
Because respondents have failed to accord the relator his Fourteenth Amendment right to due process, it is the decision of this court that his good time behavior allowance should be restored to him and that the records of all the proceedings confining him to the special housing unit should be expunged from his institutional file.