OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks a judgment: (1) vacating the disposition of the superintendent’s proceeding held on June 9,1981; and (2) restoring to petitioner 360 days of lost good behavior time and other ancillary relief related thereto.
Petitioner is an inmate in the custody of the Department of Correctional Services and was incarcerated at the Great Meadow Correctional Facility at the time of the incident complained of. Oh May 29,1981, petitioner was told he was to be moved from F block to C block. The officers at the correctional facility allege that after petitioner came out of his cell he refused to comply with a personal frisk and that he attacked the two officers who were transferring him by using “martial-arts-type kicks and punches”. Several officers came to their assistance and attempted to subdue the inmate. After using a “one second burst with a #280 Federal Streamer”, the petitioner was finally brought under control, handcuffed and taken to F block lobby where he was examined by a physician’s assistant and locked in a cell.
*233 Petitioner, on the other hand, alleges that as he began to walk down the corridor followed by the corrections officers, he was suddenly struck several times without provocation by the corrections officers and consequently fell to the ground. Further he alleges that while attempting to stand up, he was again attacked by the corrections officers, was handcuffed, and had gas sprayed in his face from one inch away. He denied being seen by a doctor or physician’s assistant at that time but he does admit that he was examined by a physician’s assistant the following morning.
On May 29,1981, a misbehavior report was filed against petitioner charging him with assault, disturbance, refusing a direct order and refusing a personal frisk. As a result of this misbehavior report, the petitioner was taken before the adjustment committee which recommended that a superintendent’s proceeding be commenced concerning the incident.
On May 31, 1981, petitioner appeared before the adjustment committee and was provided with a list of corrections counselors from which he could choose an employee to assist him with regard to the charges against him. He chose corrections counselor Schroeder to act as his employee assistant; however, he was later served with formal charges by corrections counselor Rodd who offered him assistance with regard to the charges. Petitioner informed Rodd that he had selected Schroeder to assist him and objected to the substitution of Rodd. In writing, at the superintendent’s proceeding, the hearing officer advised petitioner that Schroeder was no longer a corrections counselor at Great Meadow and was therefore not available to assist him.
At the hearing, petitioner submitted four original written statements from inmate witnesses to the incident which were read into the record. Petitioner denied all charges. The hearing officer adjourned the hearing for the purpose of interviewing one inmate witness and three corrections officers. When the proceeding was reconvened on June 9, 1981, the hearing officer advised the petitioner of the testimony given at the interviews. Petitioner asked why only one of his witnesses had been interviewed. The hearing officer advised petitioner that he had received *234 statements from the others and those statements had been considered. The hearing officer affirmed the charges against petitioner and on July 16, 1981, the superintendent’s proceeding was affirmed by the respondent. The instant article 78 proceeding followed.
The petitioner contends that respondent has violated his right to due process and had violated the Department of Correctional Services rules by refusing him his choice of an employee assistant. Further, petitioner contends that he was refused his right to call and examine witnesses in his defense and respondent has violated his own rules and regulations by failing to make a complete record (no medical report or use of force report was in the record). Further, petitioner contends that respondent’s failure to provide him with a written statement with findings of fact and reasons for the disposition reached denied him due process of law and was in violation of respondent’s own rules and regulations.
One of the rules and regulations enacted by the Department of Correctional Services for the procedural protection of the petitioner is 7 NYCRR 253.3, which provides as follows: “(a) The person appointed to conduct the hearing shall designate an employee to furnish assistance to the inmate. This assistance shall be solely of an investigatory nature. The employee is not intended to and may not act as an advocate for the inmate. If the inmate elects, such employee shall be of the inmate’s choice selected from a list of available employees established by the superintendent, or any other employee upon approval of the superintendent.”
The action of the respondent of designating an employee assistant not of the inmate’s choosing and over his oral and written objection is in direct contravention of 7 NYCRR 253.3 and is a violation of petitioner’s due process rights. Additionally, the absence of a written statement of the fact finder as to the evidence relied upon and the reasons for the disciplinary action is contrary to the guidelines sec forth in Wolff v McDonnell (418 US 539) and a violation of petitioner’s due process rights (People ex rel. Sparaco v Superintendent, Green Haven Correctional Facility, 89 Misc 2d 416; Matter of Amato v Ward, 41 NY2d 469, 472). *235 Further, the Department of Correctional Services rules and regulations provide in 7 NYCRR 253.4 (b) (1): “The inmate shall be permitted to call witnesses on his/her behalf, provided that so doing does not jeopardize institutional safety or correctional goals.” Here, the record shows that the petitioner requested that certain inmate witnesses be called and he provided the hearing officer with the names and only one was personally interviewed. This is also a violation of petitioner’s due process procedural rights (Wolff v McDonnell, supra; Lawson v Coughlin, Aug., 1981 [Klein, J.]).
This court, taking into consideration the fact that there are many conflicting claims as to what transpired, will not direct that the proceedings will be expunged. The court will, however, direct that a new superintendent’s proceeding be conducted since the alleged conduct of the petitioner is a very serious breach of prison discipline and the facts should be properly determined according to the rules and regulations of the respondent.
Petition is granted to the extent indicated.